UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

ARIEAL DELOTTE,

                                   Plaintiff,

                    -vs-                                                13-CV-879-JTC

RUBIN & YATES, LLC,

                                   Defendant.

---

## INTRODUCTION

On August 29, 2013, plaintiff Arieal Delotte filed a complaint alleging various violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692, *et seq.* Defendant, Rubin & Yates, LLC, failed to appear and defend this action, which resulted in the Clerk of the Court entering default on November 14, 2013. Item 7. Presently before the court is plaintiff's motion for default judgment pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure. Item 8. For the following reasons, plaintiff's motion is granted.

## DISCUSSION

**1.  Default Judgment Standard**

Before obtaining default judgment, a party must first secure a Clerk's Entry of Default by demonstrating, by affidavit or otherwise, that the opposing party is in default. Fed. R. Civ. P. 55(a). Once default has been entered, the allegations of the complaint that establish the defendant's liability are accepted as true, except for those relating to

the amount of damages.  *Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1992), *cert. denied*, 506 U.S. 1080 (1993).

In considering whether to enter default judgment, the court must determine whether the facts alleged in the complaint are sufficient to state a claim for relief as to each cause of action for which the plaintiff seeks default judgment.  Further, where the damages sought are not for a sum certain, the court must determine the propriety and amount of the default judgment.  *See* Fed. R. Civ. P. 55(b)(2).  Damages must be established by proof, unless the damages are liquidated or "susceptible of mathematical computation." *Flaks v. Koegel,* 504 F.2d 702, 707 (2d Cir. 1974).  All reasonable inferences from the evidence presented are drawn in the moving party's favor.  *See Au Bon Pain Corp. v. Artect, Inc.*, 653 F.2d 61, 65 (2d Cir. 1981).

**2.    Liability**

As set forth in the complaint, the facts are relatively straightforward.  At all times relative to the claims asserted, plaintiff was a resident of Austin, Texas, and defendant was a business entity engaged in the business of debt collection, with a principal place of business in Depew, New York.  Plaintiff alleges that on April 17, 2013, defendant contacted plaintiff in connection with the collection of an alleged debt, and threatened to garnish plaintiff's wages and levy plaintiff's bank account, without standing to do so. Plaintiff alleges that this conduct violated a number of the provisions of the FDCPA, including sections 1692d, 1692d(2), 1692e, 1692e(4), (5), and (10), and 1692f.  These provisions of Title 15 prohibit various acts, including engaging in conduct the natural consequence of which is to harass, oppress or abuse the consumer in connection with

the collection of a debt; using false, deceptive, misleading, unfair or unconscionable means to collect or attempt to collect any debt; and threatening to take action that the debt collector does not intend to take or cannot legally take. Accordingly, for the purposes of this motion, plaintiff has sufficiently alleged facts to establish defendant's liability under the FDCPA.

**3.     Damages**

Section 1692k(a)(2)(A) authorizes the court to award up to $1,000 in statutory damages per plaintiff for any violation of the FDCPA. The specific amount of statutory damages, not to exceed $1,000, falls within the court's discretion. *See Savino v. Computer Credit, Inc.*, 164 F.3d 81, 86 (2d Cir.1998). Factors to be considered by the court in determining an appropriate statutory damages award include the frequency, persistence, and nature of the debt collector's noncompliance; the debt collector's resources; the number of individuals adversely affected; and the extent to which the debt collector's non-compliance was intentional. *See* 15 U.S.C. § 1692k(b)(1). Awards of the $1,000 statutory maximum are typically granted in cases where the defendants' violations are "particularly egregious or intimidating." *Cordero v. Collection Co.,* 2012 WL 1118210, *2 (E.D.N.Y. April 3, 2012).

By virtue of the entry of default, defendant is deemed to have admitted the well-pleaded allegations of the complaint, including threatening to commence garnishment and/or levy proceedings that defendant does not intend to take or cannot legally take. Under the circumstances, and considering the relative infrequency of pleaded instances of noncompliance, the limited number of individuals adversely affected, and the

absence of any further information regarding the debt collector's resources or intent, the court finds that these violations of the FDCPA do not amount to the level of "particularly egregious or intimidating" conduct warranting an award of maximum statutory damages. The court therefore awards plaintiff a total of $500.00 in statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(A).  *See Hance v. Premier Recovery Group, Inc.*, 2013 WL 85068, *2 (W.D.N.Y. January 7, 2013) (awarding $500 in statutory damages where defendant called plaintiff's home on a number of occasions, totaling more than 20 times per month); *Fajer v. Kaufman, Burns & Assocs.*, 2011 WL 334311, *3 (W.D.N.Y. January 28, 2011) (awarding $500 where defendant made numerous calls to home and workplace and made empty threats of litigation); *see also Bonafede v. Advanced Credit Solutions*, LLC, 2012 WL 400789, *3 (W.D.N.Y. February 7, 2012) (finding demand of $1,000 "excessive" where plaintiff presented no evidence that communications with collector were persistent).

4.     **Attorneys' Fees and Costs**

The FDCPA also provides for the recovery of reasonable attorney's fees and costs by successful litigants.  *See* 15 U.S.C. § 1692k(a)(3) (permitting recovery of, "in the case of any successful motion to enforce the foregoing liability, the costs of the action, together with a reasonable attorney's fee as determined by the court").  In determining a reasonable fee, district courts should set a reasonable hourly rate, bearing in mind case-specific variables, and then use the reasonable hourly rate to calculate a "presumptively reasonable fee." *Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany*, 522 F.3d 182, 190 (2d Cir. 2008).  There is a

presumption in favor of the hourly rates employed in the district in which the case is litigated. *Simmons v. New York City Transit Auth.*, 575 F.3d 170, 174–75 (2d Cir. 2009). Thus, the court must consider the prevailing market rate in the Western District of New York for "similar services by lawyers of reasonably comparable skill, experience, and reputation." *Blum v. Stenson*, 465 U.S. 886, 896 n. 11 (1984).

Here, plaintiff's attorney has affirmed that he expended 10.1 hours of time on the case, and seeks an hourly rate of $180.00 per hour, in accordance with the prevailing market rate for work on FDCPA cases performed by associate attorneys in this district. *See, e.g., Hamilton v. Lombardo, Davis & Goldman*, 2011 WL 2651102, at *3 (W.D.N.Y. July 6, 2011). The court finds both the number of hours expended on the case and the requested hourly rate to be reasonable, and awards attorney's fees in the amount of $1,818.00. The court also finds the request for costs to be reasonable and awards $465.00.

## CONCLUSION

Based on the foregoing, plaintiff's motion for default judgment (Item 8) is GRANTED. Plaintiff is awarded $500.00 for defendant's violations of the FDCPA, $1,818.00 in attorney's fees, and $465.00 in costs.

The Clerk of the Court is directed to enter judgment accordingly, and to close this case.

So Ordered.

\s\ John T. Curtin
JOHN T. CURTIN
United States District Judge

Dated:   March 5, 2014
p:\pending\2013\13-879.mar3.2014